UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAY MEDRANO,

          Petitioner,

vs.                       Case No.  2:09-cv-547-FtM-99DNF

SECRETARY, DOC, FLORIDA ATTORNEY
GENERAL,

          Respondents.
_____/

## OPINION AND ORDER

### I. Status

This matter comes before the Court upon review of Petitioner Ray Medrano's (hereinafter "Petitioner" or "Medrano"), *pro se* Amended Petition for Writ of Habeas Corpus ("Petition," Doc. #5), filed pursuant to 28 U.S.C. § 2254. The Petition challenges Medrano's July 19, 2002 state court judgment of conviction and sentence for Resisting or Obstruction a Law Enforcement Officer Without Violence and Escape  entered in the Twentieth Judicial Circuit Court, Collier County, Florida. Petition at 1-2.[1] The Petition raises two grounds for relief:

---

[1]The Petition states that Petitioner was convicted on three counts: (1) violence-battery, F.S. Section 784.03; (2) resisting/obstruction LEO without violence, F.S. Section 843.02; and (3) escape from custody, F.S. Section 944.04. Petition at 1, Question 5. On January 22, 2011, Petitioner was charged in a three count information on the above stated charges. Exh. 15, Vol. I at 17-18. However, Petitioner proceeded to trial on an amended information, which only charged Petitioner with two counts: (1) resisting/obstruction LEO without violence, F.S. Section 843.02; and (2) escape from custody, F.S. Section 944.40. Id. at 40-41.

### Ground I

(a) The trial court erred by wrongly instructing the jury about the law pertaining to the key disputed factual issue in the case; and, (b) trial counsel failed to object to the elements of the charge of escape on grounds that said elements did not adequately cover essential requirements of said charge.

### Ground II

The trial court erred in denying after an evidentiary hearing [sic] the issue of counsel's failure to call a specific witness at trial, Ms. Blanchet Rojas.

In accordance with the Court's Order to Show Cause (Doc. #6), Respondent filed a Response to the Petition (Doc. #17, Response). Respondent filed supporting exhibits (Exhs. 1-15), including the four-volume record on direct appeal (Exh. 15, Vol. I-IV), and a copy of the transcript from Petitioner's July 13, 2007 post conviction evidentiary hearing (Exh. 8). Petitioner filed a Reply to Respondent's Response (Doc. #23, Reply). This matter is ripe for review.

## II. Procedural History

On May 14, 2002, a jury found Medrano guilty as charged in an amended information with resisting or obstruction of a law enforcement officer without violence and escape. Exh. 15, Vol. I at 60. On July 19, 2002, the court sentenced Medrano to fifteen years as a habitual offender on the escape conviction, and to time served on the misdemeanor charge of resisting an officer without violence. Id. at 110-116. On April 23, 2004, the appellate court per curiam affirmed Medrano's conviction and sentence. Medrano v. State, 873 So. 2d 332 (Fla. 2d DCA 2004); Exh. 3.

Medrano filed a *pro se* motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 alleging nine claims of ineffective assistance of counsel. Exh. 5. After the State filed a response, Exh. 6, the post conviction court summarily denied grounds 1, 2, 5, 6 and 10, dismissed ground 3 and 4 as facially insufficient, and granted Petitioner an evidentiary hearing on grounds 7, 8 and 9. Exh. 7. Petitioner was represented by court appointed counsel at his July 13, 2007 evidentiary hearing. Exh. 8. At the conclusion of his evidentiary hearing, Petitioner abandoned ground 9. Id. at 45-46. On August 29, 2007, the post conviction denied Petitioner relief on grounds 7 and 8 in its final order. Exh. 9. Petitioner appealed the denial of his Rule 3.850 motion. Exhs. 10-11. The appellate court *per curiam* affirmed the post conviction court's order denying Petitioner's Rule 3.850 motion. Medrano v. State, 11 So. 2d 364 (Fla. 2d DCA 2009); Exh. 13. Mandate issued on June 29, 2009. Exh. 14.

### III.  Applicable § 2254 Law

Medrano filed his timely[2] Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action. Abdul-Kabir v. Quarterman, 127 S. Ct. 1654, 1664 (2007); Penry v. Johnson, 532

---

[2]The AEDPA imposes a one-year statute of limitations on § 2254 actions.   28 U.S.C. § 2244(d).   Respondent submits that the Petition is timely filed. Response at 7. The Court agrees.

U.S. 782, 792 (2001); <u>Davis v. Jones</u>, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007).   Under AEDPA, the federal court's review is "greatly circumscribed and is highly deferential to the state courts." <u>Alston v. Fla. Dept' of Corr.</u>, 610 F.3d 1318, 1325 (11th Cir. 2010)(internal quotations and citations omitted); <u>Stewart v. Sec'y Dep't of Corr.</u>, 476 F.3d 1193, 1208 (11th Cir. 2007). Essentially, AEDPA altered the federal court's role in reviewing state prisoner applications in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." <u>Bell v. Cone</u>, 535 U.S. 685, 693 (2002).

**Deference to State Court Decision**

Where a petitioner's claim raises a federal question, was exhausted, is not procedurally barred, and was adjudicated on the merits in the state courts, the federal court must afford a high level of deference to the state court's decision.   <u>See</u>, <u>e.g.</u>, <u>Ferguson v. Culliver</u>, 527 F.3d 1144, 1146 (11th Cir. 2008).   Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). See Brown v. Payton, 544 U.S. 133, 141 (2005); Price v. Vincent, 538 U.S. 634, 638-39 (2003). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. Ferguson, 527 F.3d at 1146.

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. Carey v. Musladin, 549 U.S. 70, 74 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). "[T]o be 'contrary to' clearly established federal law, the state court must either (1) apply a rule that contradicts the governing law set forth by Supreme Court case law, or (2) reach a different result from the Supreme Court when faced with materially indistinguishable facts." Ward v. Hall, 592 F.3d, 1144, 1155 (11th Cir. 2010) (internal quotations and citation omitted); Mitchell v. Esparza, 540 U.S. 12, 16 (2003). A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown, 544 U.S. at 134; Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), cert. denied, 534 U.S. 956 (2001); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle

to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 120 S. Ct. at 1520). The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003) (citation omitted); Mitchell, 540 U.S. at 17-18; Ward, 592 F.3d at 1155.

## Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case. Newland, 527 F.3d at 1184. In Strickland, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,

which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688; see also Bobby Van Hook, 558 U.S. ___, 130 S. Ct. 13, 16 (2009). Thus, a habeas court's review of a claim under the Strickland standard is "doubley deferential." Knowles v. Mirzayanze, 556 U.S. 111, 123 (2009)(citing Yarborough v. Gentry, 540 U.S. 1, 5-6 (2003)).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." Bobby Van Hook, 130 S. Ct. at 17 (internal quotations and citations omitted). In demonstrating counsel's deficiency, it is the petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006), cert. denied sub nom. Jones v. Allen, 127 S. Ct. 619 (2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. Id. A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. An attorney is not ineffective for failing to raise or preserve a meritless issue.

Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir.), cert. denied sub
nom. Ladd v. Burton, 493 U.S. 842 (1989); United States v.
Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure
to preserve a meritless issue plainly cannot prejudice a client").
"To state the obvious: the trial lawyers, in every case, could have
done something more or something different.  So, omissions are
inevitable.  But, the issue is not what is possible or 'what is
prudent or appropriate, but only what is constitutionally
compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th
Cir. 2000)(quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).  In
finding prejudice, the court must determine that the result of the
proceedings would have been different considering "the totality of
the evidence before the judge or jury." Berghuis v. Thompkins,
___U.S. ___, 130 S.ct. 2250, 2265 (2010)(quoting Strickland, 466
U.S. at 695).

## IV.  Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the
reasons set forth below, concludes no evidentiary proceedings are
required in this Court. Schriro v. Landrigan, 550 U.S. 465, 127 S.
Ct. 1933, 1939-40 (2007).  Petitioner does not proffer any evidence
that would require an evidentiary hearing, Chandler v. McDonough,
471 F.3d 1360 (11th Cir. 2006), and the Court finds that the
pertinent facts of the case are fully developed in the record
before the Court. Schriro, 127 S. Ct. at 1940.  The Court will now
turn to the merits of the Grounds set forth in the Petition.

**Ground I:**

Petitioner contends that the trial court committed fundamental error by failing to instruct the jury on "an essential element of what constitutes an arrest." Petition at 5-6. In support, Petitioner claims that the trial court gave an erroneous "special" jury instruction on the crime of "escape," "which [was] contrary to law." Id. at 6. Specifically, Petitioner claims that the trial court incorrectly "substituted" the "word 'intent' for the word 'attempt'" in "the standard jury instruction for escape." Further, the trial court erred "by not responding to the jury" when the jury asked a question during its deliberations. Id. As a result, Petitioner claims his rights under the Sixth and Fourteenth Amendments and his right to Due Process were violated. Id. at 7. Petitioner also avers that trial counsel failed to object to this improper jury charge. However, Petitioner fails to include any factual support or argument in support of this additional sub-claim. See generally Id. at 5-7.

Respondent argues that: (1) whether the trial court erred in instructing the jury on the offense of escape does not present a federal constitutional question; (2) Petitioner only presented this claim to the State courts in terms of violation of State law and not federal law, thus this new claim is unexhausted and procedurally barred; and (3) Petitioner did not object to the jury instruction at trial, but only preserved his claim that the trial court erred in its response to the question posed by the jury

during its deliberations. Consequently, Respondent argues that the jury instruction issue is procedurally barred. Response at 11-17. Respondent also argues that Petitioner's claim of error by trial counsel is conclusory and lacks any factual support.

With regard to Ground I(a), Medrano raised only the following issue on direct appeal:

Whether the trial court erred in wrongly instructing the jury about the law pertaining to the key disputed factual issue in the case?

Exh. 1 at i. More specifically, as evidenced by his brief on direct appeal, Medrano assigned error to the trial court for its refusal to answer a question posed by the jury during its deliberations about what constitutes an "arrest." Id. at 6. In particular, during deliberations the jury sent a question to the court asking whether a suspect has to be informed of the charges at the time of his arrest. The trial court refused to provide a definition for "arrest" and redirected the jury to the instructions. On direct appeal, Medrano pointed out that this issue was properly preserved because defense counsel objected to the trial court's refusal to answer the question, except by referring the jury to the instructions previously provided by the trial court in its charge. Id. at 11. Notably, in his direct appeal brief, Medrano only cited to Florida statutes and case law. Medrano did not assert a federal constitutional issue in connection with his direct appeal claim.

At the outset, the Court finds Petitioner's new constitutionalized claim raised in Ground I(a) is unexhausted and procedurally barred. Under AEDPA, a petitioner is required to exhaust at the State court level a claim if he is to be entitled to federal review and, if appropriate, relief on the claim. "[T]he federal claim must be fairly presented to the state courts so that the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding." Roberts v. Comm. Ala. Dep't of Corr., ___ F.3d ___, 2012 WL 1325604 *3 (11th Cir. 2012)(citations and internal quotations omitted). In order to determine whether the claim has been exhausted, the Court looks to the State court record as well as the State court's order. Id.

Upon review of the record and binding precedent, the Court finds that Ground I(a) is unexhausted and procedurally barred. First, Petitioner never challenged the trial court's charge to the jury, or any aspect of the jury instructions, as to either of the charged offenses. In fact, on direct appeal, Petitioner acknowledged that there was no objection to the proposed jury instructions on the escape charge. Exh. 1 at 4, 11. Instead, Petitioner's direct appeal brief clearly only challenged the trial court's failure to instruct the jury on the definition of "arrest" under Florida law after the jury posed a question to the trial court during the jury's deliberations. Further, with respect to this aspect of his claim, Petitioner did not claim any error in

-11-

terms of a federal constitutional violation to the State court on direct appeal, but only raised the claim only as an error under State law. See generally Exh. 1. Petitioner never asserted any error in the special instruction to the jury, and did not assert a Sixth or Fourteenth Amendment claim to the State court below as he does now before this Court. Consequently, the Court finds that the federal dimension of Ground I(a) is unexhausted and procedurally barred.

In the alternative, even if any aspect of Ground I(a) is not procedurally barred, the Court finds the Ground is without merit. It is a fundamental tenet of habeas law that questions of state law rarely raise issues of federal constitutional magnitude. Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983); Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000). Thus, as a general rule, federal habeas relief does not lie for a claim that a jury instruction was incorrect under state law. Estelle v. McGuire, 502 U.S. 62, 71-71 (1991); Jamerson v. Sec'y Dep't of Corr., 410 F.3d 682, 688 (11th Cir. 2005); see also Applewhite v. Sec'y Dep't of Corr., 373 F. App'x 969, 972 (11th Cir. 2010). Instead, a federal habeas court reviews errors in state law jury instructions solely to determine whether the alleged error rendered "the entire trial fundamentally unfair." Carrizales, 699 F.2d at 1055. Petitioner fails to demonstrate how the trial court's instruction for the jury to rely on the evidence and instructions rendered his trial fundamentally unfair. Indeed, the failure to

give the jury any further instruction under the facts of this case, constituted at most harmless error. See, e.g., Neder v. United States, 527 U.S. 1, 15(1999)("The omission of an element from the jury instructions is subject to harmless-error analysis."); see also Agan v. Vaughn, 119 F.3d 1538, 1545 (11th Cir. 1997)("A defendant's right to due process is not violated unless an erroneous instruction, when viewed in light of the entire trial, was so misleading as to make the trial unfair.").

Here, the record reflects evidence that Medrano knew that the officer was stopping the vehicle in order to place him under arrest. Deputy Butler testified that while Medrano was in his police car a call came over the radio stating that the Deputy had "probable cause" "to place Medrano under arrest." Exh. 15, Vol. IV at 75. Deputy Butler testified that he told Medrano that "you must have done something, they're telling me to place you under arrest." Id. Deputy Butler further testified that he told Medrano he was pulling the police car over so he could place him in handcuffs. When he opened the door of the cruiser and told Medrano to stand up so he could handcuff him, Medrano pushed back against the deputy and ran. Although, Medrano testified that he was not told for what he was being arrested, Medrano conceded that he was told to get out of the car in order to be handcuffed. Id. at 107-08.

Based upon the foregoing, the Court finds Ground I(a) unexhausted and procedurally barred. In the alternative, the Court finds Ground I(a) without merit as the failure to instruct the jury

on the definition of the word "arrest" did not rnder Medrano's
trial fundamentally unfair.

With respect to Ground I(b), Petitioner fails to provide any
factual support or argument in support of his claim that counsel
failed to object to the jury instruction. See generally Petition.
To the extent that Petitioner asserts a claim that counsel was
ineffective for failing to object to the jury instruction, as
raised in his Rule 3.850 motion, the Court finds the claim is
without merit. In the post conviction court's March 16, 2007 order
summarily denying Petitioner relief on this claim, the court held:

> 5. As pertains to Ground 2, Defendant alleges his
> counsel was ineffective for failing to "object to the
> State's proposed special instructions on escape."
> Defendant maintains that the "special instructions"
> deviated from the standard, thereby prejudicing him.

> 6. The standard Jury Instruction for escape as
> applied to Defendant's case provides:

>> To prove the crime of Escape, the State must
>> prove the following three elements beyond a
>> reasonable doubt: 1. Defendant was under
>> arrest and in the lawful custody of a law
>> enforcement official; 2. While a prisoner
>> Defendant was being transported to or from a
>> place of confinement; 3. Defendant escaped or
>> attempted to escape by (read from charge),
>> intending to avoid lawful confinement.

> West's Florida Criminal Laws and Rules, Jury
> Instructions, pp. 1555-56 (West Group 2002).

> At Defendant's trial, the court gave the jury the
> following instruction on escape:

>> Before you can find the Defendant guilty of
>> escape, the State must prove the following
>> three elements beyond a reasonable doubt: One,

> Ray Medrano was under arrest in the lawful
> custody of a law enforcement official, two,
> while a prisoner, Ray Medrano was being
> transported to or from a place of confinement,
> three, Ray Medrano escaped or attempted to
> escape by breaking free or while handcuffed
> and running from him attempted to avoid lawful
> confinement.

See trial transcript pages 135-36. Copies of the jury
instruction portion of the trial transcript as well as
the written jury instructions are attached hereto.
Defendant seems to be suggesting that he was prejudiced
by having the facts of his case read into the standard
jury instruction.     However, Defendant fails to
acknowledge that the standard jury construction provides
for the insertion of facts.  Defendant's allegation is
conclusory; it is supported by neither fact nor law.  He
does not direct the Court's attention to any law or
authority demonstrating what counsel should have done, or
as to how the jury instruction given in his case was
objectionable.    Therefore, Defendant has failed to
demonstrate any entitlement to relief.   Ground 2,
therefore, is DENIED.

Exh. 7 at 2-3.

The Due Process Clause "prohibits the State from using evidentiary presumptions in a jury charge that have the effect of relieving the State of its burden of persuasion beyond a reasonable doubt of every essential element of a crime." Francis v. Franklin, 471 U.S. 307, 313 (1985); see also In re Winship, 397 U.S. 358, 364 (1970)(finding that due process requires proof beyond a reasonable doubt of every fact necessary to constitute the crime charged). "[A] conclusive presumption on [an] issue . . . is the functional equivalent of a directed verdict on that issue." Connecticut v. Johnson, 460 U.S. 73, 84 (1983).

Here, the jury instruction given by the State trial court on the charge of Escape did not contain a conclusive presumption on any of the essential elements. Consequently, Petitioner has not shown that the State court's rejection of his ineffecitve assistance of counsel claim was contrary to, or an unreasonable application of clearly established Federal law, or an unreasonable application of the facts. Thus, the Court denies Petitioner relief on Ground I(b).

**Ground II**

Petitioner faults trial counsel for failing to call Ms. Blanchet Rojas as a witness at trial. Petition at 8. Petitioner asserts that Ms. Rojas would have testified that she knew that the police often would harass Petitioner and could testify to witnessing Petitioner being arrested and subjected to police brutality. Id. at 8-9. This Ground was raised in grounds seven and eight of Petitioner's Rule 3.850 motion, for which Petitioner was afforded an evidentiary hearing. In denying Petitioner relief on these grounds, the post conviction found:

> 5. The Court notes that, although distinct claims, Grounds 7 and 8 are related to each other in that both deal with the failure of counsel to call a witness on Defendant's behalf. As these two issues deal with the same witness, and as trial counsel explained at the hearing that his actions for each ground were governed by trial strategy, the Court will set forth the testimony gleaned on each issue separately, but will consider the two issues together when applying the case law.
>
> 6. As pertains to Ground 7, Defendant alleges his counsel was ineffective for failing to "investigate

-16-

Defendant's claims that police were always harassing
him," and to subpoena witnesses to [testify about] this
harassment.    Defendant testified at the evidentiary
hearing that the police officers in the area knew
Defendant, and that they would routinely pick Defendant
up, place him in the squad car, and question him without
any real reason before ultimately letting him go.   He
stated that they did this on a weekly basis, and that as
a result of this continuous harassment, Defendant did not
really believe he was under arrest on the date in
question. Defendant further testified at the evidentiary
hearing that his friend's grandmother, Ms. Blanche Rojas,
was present at the time of Defendant's arrest. Ms. Rojas
could only testify to the fact that Defendant told her
that the police routinely harassed him.

7.  Mr. Nagle testified at the evidentiary hearing that
he did not believe the harassment claim was relevant
because Defendant knew in this instance that the police
approached him as a result of a Domestic Violence charge.
Mr. Nagle stated that the trial strategy in this case was
to assert that Defendant never knew he was under arrest;
not that Defendant was stopped in this instance for no
reason.

8.  As pertains to Ground 8, Defendant alleges that his
counsel was ineffective for failing to "subpoena
potential defense witnesses." Defendant testified at the
evidentiary hearing that Ms. Rojas was present at the
time of Defendant's arrest.  He also stated that he
informed his attorney of this fact.

9.  Ms. Rojas testified at the evidentiary hearing that
while she saw the police officer speak with Defendant,
she did not witness the escape attempt.  She stated that
she "wasn't really paying much attention."  She didn't
hear the officer tell the Defendant that he was under
arrest, nor did she see Defendant fall.  All Ms. Rojas
could definitely testify to was that she saw the officer
pick Defendant up after he fell.

10.  Shawn Nagel, Defendant's trial counsel, testified at
the evidentiary hearing that Defendant told him about his
"grandmother," who Mr. Nagle believed meant Ms. Rojas, as
Ms. Rojas testified to having known Defendant for
approximately 25 years as the friend of her grandson.
Mr. Nagle stated that he had an investigator from the
Public Defender's Office interview Ms. Rojas, and that

upon receipt of the investigator's report, decided that
Ms. Rojas' testimony would not benefit Defendant's case.

11.  With regards to issues of trial strategy, the court
gives deference to the strategic decisions of trial
counsel, even if they are unsuccessful, and generally
such decisions do not constitute ineffective assistance
of counsel.  Gordon v. State, 863 So. 2d 1215, 1222-23
(Fla. 2003); Gonzales v. State, 691 So. 2d 602 (Fla. 4th
DCA 1997).  More specifically, "[s]trategic decisions do
not constitute ineffective assistance if alternative
courses have been considered and rejected and counsel's
decision was reasonable under the norms of professional
conduct."  Stewart v. State, 801 So. 2d 59, 65 (Fla.
2001)(quoting Occhicone v. State, 768 So. 2d 1037, 1048
(Fla. 2000)).  Defendant has the burden of proving that
trial counsel's approach "would have been used by no
professionally competent counsel."  State v. Williams,
797 So. 2d 1235, 1239 (Fla. 2001)(citing Harich v.
Dugger, 844 F.2d 1469 (11th Cir. 1988)).

11.  Concerning Ground 7, Defendant has failed to
demonstrate that any competent professional counsel would
not have used Mr. Nagle's approach.  Therefore, Ground 7,
is DENIED.  As concerns Ground 8, Mr. Nagle's testimony
reflects that he had considered and rejected the
possibility of calling Ms. Rojas as a witness.  Ground 8,
therefore, is likewise DENIED.

Exh. 9 at 2-3.

Here, the post conviction court recognized and properly

applied the Strickland analysis for determining whether trial

counsel was ineffective.  "An attorney's actions are sound trial

strategy, and thus effective, if a reasonable attorney could have

taken the same actions."  Harvey v. Warden, Union Corr. Inst., 629

F.3d 1228, 1243 (11th Cir. 2011)(citations omitted).  Medrano fails

to demonstrate that no other attorney would not have made the same

decision in not calling Ms. Rojas as did is defense attorney.

Therefore, the Court finds that the state court's decision was not

contrary to, nor an unreasonable application of clearly established federal law. Further, the Court finds that the State court's adjudication of this Ground was not based on an unreasonable determination of the facts. Consequently, the Court denies Ground II of the Petition.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   The Amended Petition for Writ of Habeas Corpus (Doc. #5) is **DENIED** for the reasons set forth herein.

2.   The Clerk of the Court shall enter judgment accordingly; terminate any pending motions; and, close this file.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed

-19-

further."   <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).
Petitioner has not made the requisite showing in these
circumstances.   Finally, because Petitioner is not entitled to a
certificate of appealability, he is not entitled to appeal *in forma
pauperis*.

    **DONE AND ORDERED** in Orlando, Florida, on this ___17___ day of
May, 2012.

                                                G. KENDALL SHARP
                                                SENIOR UNITED STATES DISTRICT JUDGE

SA: hmk
Copies: All Parties of Record